**BAO G. ZHENG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3371–ag.**

United States Court of Appeals,
Second Circuit.

Jan. 6, 2006.

Douglas B. Payne, New York, New York, for Petitioner.

Rod J. Rosenstein, United States Attorney, Larry D. Adams, Assistant United States Attorney, District of Maryland, Baltimore, Maryland, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. CHESTER J. STRAUB, and Hon. SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Bao Guo Zheng petitions for review of the June 9, 2004 order of the BIA affirming an immigration judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

§ 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004).

Substantial evidence supports the BIA's and IJ's findings that Zheng lacked credibility because he submitted an altered photograph that purported to show Zheng, his wife, and his four children. *See In re O–D–,* 21 I. & N. Dec. 1079, 1083, 1998 WL 24904 (BIA 1998) (holding that submission of fraudulent or altered evidence casts serious doubt on credibility). The IJ rejected Zheng's argument that he possessed the altered photograph for his own personal purposes and concluded that Zheng submitted the document in order "to establish his identity and his status as the father of four children and the husband of a person pictured in the photograph." Transcript of Hearing at page 17 (A000048). Because Zheng sought asylum for a sterilization that he claimed was forced upon him because he had four children, the photograph went to the heart of Zheng's claim. Although a reasonable adjudicator could have accepted Zheng's explanation for the altered photograph and his intent in submitting it, neither the BIA nor IJ were compelled to make that finding. *See Zhou Yun Zhang,* 386 F.3d at 74.

Because claims for withholding of removal face a heavier burden of proof than claims for asylum, *see id.* at 71, Zheng failed to establish eligibility for eligibility for withholding where, as here, his testimony is the only evidence that his or her "life or freedom would be threatened" in the home country. 8 U.S.C. § 1231(b)(3)(A).

Finally, because Zheng did not brief the CAT issue on appeal, he waived any challenge to the IJ's finding with respect to that issue. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005).

Accordingly, we deny the petition to review the BIA's denial of Zheng's application for asylum and withholding of removal. We also deny the pending motion for a stay of removal as moot.